O’Neall, J.
The second ground of the plaintiffs’ motion will be first considered and disposed of. These cases, together with eight others, were before the court in May, 1831, and were then ordered to be *410 solidated, and theneéforward to be treated As onS case. That order is still deemed to have been a proper one, and to be calculated to produce equity (which is said to be jus Lice)'among the sheriff’s creditors, if it can be enforced according to the intention of the court. It may be embarrassing and troublesome, to give effect to the rule in cases like the present, but I apprehend it can be done, and it is our duty to make the effort. The claims of the parties claiming assessments of damages on the sheriff’s bond, exceed the penalty, and will greatly exceed the amount which will be collected from the solvent securities. It is not perhaps right, at this stage of the case, to express any opinion how the sum" which may be eventually paid in, shall be divided among the different claimants : hut one thing is certain, no advantage should be obtained from the fact of being- first or last, before the jury at the same Term.
2 Bailey, 362.
It seems to me to have been error to have considered the cases ordered to be consolidated, still as separate cases, and to have permitted separate verdicts to have been taken. On the defendants déclining to contest the amounts due to the respective claimants, it was only necessary that they should have furnished the prima facie evidence of them, which they formerly did; and if, as is most manifest, the sums so claimed, exceed the penalty, the jury, in one (verdict should have found that “ the damages proved, exceed the penalty of the bond ; we therefore assess the plaintiff-!’ damages at $7,000, the penalty, to be applied in such order as .the court may hereafter direct, to the payment of the following claims against John Bates, late sheriff of Union District, which have. bééVlegaliy established before us: viz. A. B. $1,000.”' Thp name of each claimant and the amount proved toHve due to him, ought to he plainly and distinctly set forth in the verdict, according to the form already prescribed. w
Upon such a finding, when the penalty or any part of is is collected under execution by the sheriff br the securities pay the penalty or any part of it into court, any one or more of the different claimants may *411 predícate a motion to have it paid over to them rate-ably, and in proportion to their respective demands, (if all are entitled to rank alike) or to one or more in exclusion of the rest, if any one or more should be entitled to a preference. When such a motion is made, any of the creditors whose claims have been established by the finding of the jury, may then bring the question of iraud in any of the other claims, demand an issue to be made up for its trial.
<mu 263.
A. W. Thomson, for the motion.
Dawkins & Henry, contra..
On the first ground we concur with the presiding Judge. As between the plaintiffs and defendants on the record, none but the defendants could question the fairness of the different claims which the plaintiffs presented, as belonging in truth, to different persons, but nominally to the plaintiffs on the record. If the defendants were content to admit their truth and justice, no person could make the objection for them.— In the mode which I have stated under the second ground, these parties may yet avail themselves of fraud existing in any of the claims which may lie produced on the assessment of the plaintiffs’ damages, on the condition of the bond.

The motion is granted, and one verdict will be taken, corn-forming to the instructions herein given.

Johnson, J. concurred.